IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| KENNETH L. HUNTER, <br> RICK A. DONATHAN, and <br> JERRY D. MEDLIN, <br><br> Plaintiffs, <br><br> v. <br><br> TOWN OF MOCKSVILLE, NORTH <br> CAROLINA; ROBERT W. COOK, in <br> his official capacity as Administrative <br> Chief of the Mocksville Police <br> Department and in his individual <br> capacity; CHRISTINE W. BRALLEY, in <br> her official capacity as Town Manager of <br> the Town of Mocksville and in her <br> individual capacity, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | 1:12-CV-333 |

## **MEMORANDUM OPINION AND ORDER**

Catherine C. Eagles, District Judge.

This matter is before the Court on Plaintiffs' Motion to Seal Exhibits Filed in Support of Plaintiffs' Response to Defendants' Motion for Summary Judgment. (Doc. 50.) While it is the plaintiffs' motion, it appears from the motion that it is in fact the defendants who request that the materials be sealed. (*See* Doc. 50 at 3.) The Court tentatively concludes that there is a First Amendment right of access to the materials the parties seek to seal and that a showing of a compelling interest heavily outweighing the public interest in access is required to justify sealing. The parties have not made a showing sufficient to seal these materials. The Court will deny the motion, but in the exercise of its discretion, the Court will direct that the materials filed

under seal shall be maintained under seal for the time being to give any party an opportunity to file a renewed motion.

### 1. Standard

"[T]he courts of this country recognize a general right to inspect and copy . . . judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978). "The operations of the courts and the judicial conduct of judges are matters of utmost public concern," *Landmark Commc'ns, Inc. v. Virginia*, 435 U.S. 829, 839 (1978), and "the public's business is best done in public," *Cochran v. Volvo Group N. Am. LLC*, No. 1:11-CV-927, ___ F. Supp. 2d ___, ___, 2013 WL 784502, at *1 (M.D.N.C. Mar. 1, 2013).

This right of public access derives from the First Amendment as well as the common law. *Va. Dep't of State Police v. Washington Post*, 386 F.3d 567, 575 (4th Cir. 2004). "While the common law presumption in favor of access attaches to all 'judicial records and documents,' the First Amendment guarantee of access has been extended only to particular judicial records and documents." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir.1988) (internal citation omitted). In any given case, then, some court-filed "documents fall within the common law presumption of access, while others are subject to the greater right of access provided by the First Amendment. Still others may not qualify as 'judicial records' at all." *United States v. Moussaoui*, 65 F. App'x 881, 889 (4th Cir. 2003) (citing *United States v. Amodeo,* 44 F.3d 141, 145–46 (2d Cir. 1995)).

"Judicial records" are "documents filed with the court [that] play a role in the adjudicative process, or adjudicate substantive rights." *In re Application of United States for an Order Pursuant to 18 U.S.C. Section 2703(d)*, 707 F.3d 283, 290 (4th Cir. 2013). Applying that definition, the Fourth Circuit recently held that motions for a court order to obtain records of

2

stored electronic communications brought pursuant to 18 U.S.C. § 2703(d) are judicial records "because they were filed with the objective of obtaining judicial action or relief pertaining to § 2703(d) orders." *Id.* at 291. Similarly, the public has a First Amendment right of access to materials submitted in conjunction with a summary judgment motion, which is a dispositive claim for relief. *Washington Post*, 386 F.3d at 578-79. Arguably, however, to the extent the Court does not rely on the information in reaching its decision, no right of access applies. *See In re Application*, 707 F.3d at 290-91 (holding that "judicial records," to which a right of access may apply, are those documents used in the adjudicative process); *In re Policy Mgmt. Sys. Corp.*, 67 F.3d 296 (table), 1995 WL 541623, at *3-4 (4th Cir. September 13, 1995) (holding that documents filed in connection with a motion to dismiss were not judicial records because they were not considered by the court in adjudication of the motion).

When a party makes a request to seal judicial records, a district court "must comply with certain substantive and procedural requirements." *Washington Post*, 386 F.3d at 576. Procedurally, the district court must (1) give the public notice and a reasonable opportunity to challenge the request to seal; (2) "consider less drastic alternatives to sealing"; and (3) if it decides to seal, make specific findings and state the reasons for its decision to seal over the alternatives. *Id.* "As to the substance, the district court first must determine the source of the right of access with respect to each document, because only then can it accurately weigh the competing interests at stake." *Id.* (internal quotation marks and alteration omitted).

1. Analysis

In the motion to seal, the parties request that the Court allow the plaintiffs to file under seal several exhibits attached to their brief opposing the defendants' motion for summary judgment. These documents are characterized as containing personnel information that

defendants' counsel has determined to be confidential. Upon review, not all the documents appear to be typical personnel file information. Some appear to be written statements about various events at issue in the case, others are change-of-beneficiary forms, and yet others appear to be handwritten notes.

As an initial matter, the Court notes that the instant motion to seal has been publicly docketed since July 8, 2013. Any interested party therefore has had sufficient time to seek intervention to contest any sealing order, but the docket reflects no such action. Accordingly, the Court concludes that the "public notice" prerequisite to entry of a sealing order has been satisfied. *See Stone*, 855 F.2d at 181 (discussing use of docketing to comply with procedural requirements for sealing).

Next, the Court must determine whether the materials at issue are judicial records. The Fourth Circuit has determined that materials relied upon in connection with summary judgment motions are judicial records. *Rushford v. New Yorker Magazine, Inc.,* 846 F.2d 249, 253 (4th Cir.1988) (holding that "the more rigorous First Amendment standard should also apply to documents filed in connection with a summary judgment motion in a civil case"); *see also Washington Post*, 386 F.3d at 578-79. Thus, there is a First Amendment right of access to these materials.

Because there is a First Amendment right of access to the documents, the Court next must determine whether the parties have overcome the presumption of access. "Under the First Amendment . . . the denial of access must be necessitated by a compelling government interest and narrowly tailored to serve that interest." *Rushford,* 846 F.2d at 253 (relying on *Press–Enterprise Co. v. Superior Court*, 464 U.S. 501, 510 (1984)).

Beyond the statement in the motion that the materials contain confidential personnel information, the parties have made no showing that any of the information in the materials should be kept from public view.[1]  Certainly it may be appropriate to file personnel materials under seal when a party contends that the material should not be publicly available.  *See generally Robinson v. Bowser*, No. 1:12CV301, 2013 WL 3791770 (M.D.N.C. July 19, 2013) (granting in part and denying in part motions to seal personnel information).  If the parties agree that materials should be kept confidential, that might in some circumstances be relevant.  *Cochran*, ___ F.Supp.2d at ___, 2013 WL 784502 at *4 (noting that while statements by counsel in briefs are not evidence, "the parties' stipulation or representation to the Court that documents contain confidential business information can be considered as some evidence" that the documents are proprietary).  However, the parties cannot by agreement overcome the public's right of access to judicial records.  *Id.*; *see In re Violation of Rule 28(D)*, 635 F.3d 1352, 1358 (Fed. Cir. 2011); *Sensormatic Sec. Corp. v. Sensormatic Elecs. Corp.*, 455 F. Supp. 2d 399, 437-38 (D. Md. 2006).  Instead, the parties must show a compelling interest that heavily outweighs the public's interest in openness.  *E.g.*, *Rushford*, 846 F.2d at 253.

Because this is a § 1983 case, there is an especially strong interest in transparency.  This is not a dispute between private parties involving matters that are normally private; this is a dispute between former law enforcement officers and the public entities and the police chief that fired them and it is a dispute that involves claims of malfeasance by public officers.  The interests in favor of sealing must be compelling indeed.

---

[1] The Court notes that the beneficiary change forms do contain social security numbers, which must be redacted before public filing.  Fed. R. Civ. P. 5.2(a).

To the extent the motion seeks blanket sealing of the identified exhibits, it is denied. However, in the exercise of its discretion, and because at least some of the documents contain social security numbers which must be redacted before they can be publicly filed, the denial is without prejudice and the Court will give the parties additional time to file a renewed motion which provides more detailed evidentiary and legal support for sealing the materials. No later than ten days from the date of this Order, any party may file on the public record a renewed motion to seal the exhibits at issue. Any such motion shall be supported by evidence and a short brief addressing the interests advanced by the parties in light of the public interests and the duty of the courts. To the extent the motion or brief itself contains information the party contends should be sealed, the party shall file a redacted copy on the public record and a sealed copy for the Court's review, along with a motion to be allowed to file the brief in redacted form. The Court would also appreciate a proposed order which includes the kind of proposed findings required by the case law. The exhibits filed under seal, (Doc. 51), will remain under seal for the time being.

**SO ORDERED**.

This the 9th day of August, 2013.

UNITED STATES DISTRICT JUDGE