```
               IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
```

| | |
|---|---|
| KENNETH HUNTER, RICK A. DONATHAN, and JERRY D. MEDLIN, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| TOWN OF MOCKSVILLE, NORTH CAROLINA; ROBERT W. COOK, in his official capacity as Administrative Chief of Police of the Mocksville Police Department and in his individual capacity; and CHRISTINE W. BRALLEY, in her official capacity as Town Manager of the Town of Mocksville and in her individual capacity, | ) ) ) ) ) ) ) )  1:12cv333 ) ) ) ) ) ) |
| Defendants, | ) ) |
| and THE INTERLOCAL RISK FINANCING FUND OF NORTH CAROLINA, | ) ) ) ) |
| Intervenor. | ) ) |

## JUDGMENT

This civil action came before the court for jury trial beginning on May 2, 2016. On May 11, 2016, the jury returned a verdict in favor of Plaintiffs on their claims against Defendants, a portion of which was advisory as to Plaintiffs' claims for front pay. (Doc. 167.) Thereafter, the court considered Plaintiffs' equitable claims for front pay and issued a Memorandum Opinion and Order on August 12, 2016, resolving those claims. (Doc. 176.)

Following that, the parties raised multiple issues, including the extent of governmental immunity, insurance coverage, and equitable relief as prerequisite to the entry of final judgment. The court issued a decision on those issues in a Memorandum Opinion and Order on February 21, 2017. (Doc. 209.) Following full briefing and in accordance with the jury verdict and the rulings of this court, including the information subsequently filed by the parties at the court's request (Doc. 178), therefore,

IT IS ORDERED AND ADJUDGED that, as to Plaintiffs' First Amendment Free Speech claim under 42 U.S.C. § 1983 (First Claim for Relief):

Plaintiff Kenneth L. Hunter shall have and recover against Defendants Robert W. Cook and Christine E. Bralley, jointly and severally, Eight Hundred Five Thousand Seven Hundred Six and 00/100 dollars ($805,706.00) in compensatory damages, plus Two Hundred Eleven Thousand Eight Hundred Ninety-Three and 00/100 dollars ($211,893.00) in front pay;

Plaintiff Kenneth L. Hunter shall further have and recover Ten Thousand and 00/100 dollars ($10,000.00) in punitive damages from Defendant Robert W. Cook and Ten Thousand and 00/100 dollars ($10,000.00) in punitive damages from Defendant Christine W. Bralley;

Plaintiff Rick A. Donathan shall have and recover against Defendants Robert W. Cook and Christine E. Bralley, jointly and

2

severally, Three Hundred Ten Thousand Eight Hundred Thirty and 00/100 dollars ($310,830.00) in compensatory damages, plus One Hundred Ninety-Seven Thousand Five Hundred Twenty-Three and 00/100 dollars ($197,523.00) in front pay;

Plaintiff Rick A. Donathan shall further have and recover Ten Thousand and 00/100 dollars ($10,000.00) in punitive damages from Defendant Robert W. Cook and Ten Thousand and 00/100 dollars ($10,000.00) in punitive damages from Defendant Christine W. Bralley;

Plaintiff Jerry D. Medlin shall have and recover against Defendants Robert W. Cook and Christine E. Bralley, jointly and severally, Two Hundred Eighty-Eight Thousand Two Hundred Ninety-Three and 00/100 dollars ($288,293.00) in compensatory damages, plus One Hundred Seventy-Six Thousand Two Hundred Ninety-Nine and 00/100 dollars ($176,299.00) in front pay;

Plaintiff Jerry D. Medlin shall further have and recover Ten Thousand and 00/100 dollars ($10,000.00) in punitive damages from Defendant Robert W. Cook and Ten Thousand and 00/100 dollars ($10,000.00) in punitive damages from Defendant Christine W. Bralley.

IT IS FURTHER ORDERED AND ADJUDGED that, as to Plaintiffs' claims for Wrongful Termination under North Carolina law (Third Claim for Relief):

3

Plaintiff Kenneth L. Hunter shall have and recover against the Town of Mocksville Eight Hundred Five Thousand Seven Hundred Six and 00/100 dollars ($805,706.00) in compensatory damages, plus Two Hundred Eleven Thousand Eight Hundred Ninety-Three and 00/100 dollars ($211,893.00) in front pay;

Plaintiff Rick A. Donathan shall have and recover against the Town of Mocksville Three Hundred Ten Thousand Eight Hundred Thirty and 00/100 dollars ($310,830.00) in compensatory damages, plus One Hundred Ninety-Seven Thousand Five Hundred Twenty-Three and 00/100 dollars ($197,523.00) in front pay;

Plaintiff Jerry D. Medlin shall have and recover Two Hundred Eighty-Eight Thousand Two Hundred Ninety-Three and 00/100 dollars ($288,293.00) in compensatory damages, plus One Hundred Seventy-Six Thousand Two Hundred Ninety-Nine and 00/100 dollars ($176,299.00) in front pay;

PROVIDED, HOWEVER, that the Town of Mocksville's liability for compensatory damages and front pay under this Judgment shall be joint and several with the liability of Robert W. Cook and Christine W. Bralley for compensatory damages and front pay under this Judgment;

PROVIDED FURTHER that pursuant to N.C. Gen. Stat. §160A-485(c), the maximum liability of the Town of Mocksville for damages under this Judgment shall not exceed One Million dollars ($1,000,000).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Town of Mocksville reinstate Plaintiff Rick A. Donathan to the position of lieutenant in the Mocksville Police Department as soon as a vacancy becomes available. Plaintiff Rick A. Donathan shall be compensated at the rate of pay and with all benefits and conditions of employment as if he had not been wrongfully terminated, factoring in the monetary damages he has been awarded in this Judgment. As of the date of such reinstatement, any further liability of any Defendant for any award of front pay to Rick A. Donathan under this Judgment shall be terminated. Accordingly, until the Town of Mocksville reinstates Rick A. Donathan, he shall receive the prorated portion of his front pay award for 2017 at the rate of $9,405 per month, provided that the liability of the Town of Mocksville shall be limited to a total of One Million Dollars ($1,000,000) as noted above.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiffs shall be awarded their costs of this action and post-judgment interest at the statutory rate pursuant to 28 U.S.C. § 1961.

IT IS FURTHER ORDERED AND ADJUDGED that Plaintiffs' Second Claim for Relief based on alleged violations of the North Carolina Constitution is DISMISSED WITH PREJUDICE in so far as the Third Claim for Relief has afforded Plaintiffs an adequate remedy at State law as determined by North Carolina law. Corum v. University of North Carolina, 330 N.C. 761, 782, 413 S.E.2d 276, 289 (1992).

Any further application for post-Judgment relief, including application for attorneys' fees, shall be filed in accordance with the deadlines set forth by statute, the Federal Rules of Civil Procedure, and this court's Local Rules.  The parties have not addressed, thus the court does not decide, whether the Town of Mocksville's liability for any recovery for post-Judgment relief, including attorneys' fees and costs, is limited by N.C. Gen. Stat. §160A-485(c) and the One Million dollars ($1,000,000) in insurance coverage.

                                      /s/   Thomas D. Schroeder
                                     United States District Judge

March 3, 2017