UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
Civil No: 1:12-cv-333

| | |
|---|---|
| KENNETH L. HUNTER, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | SUPPLEMENT TO PLAINTIFFS' |
| TOWN OF MOCKSVILLE, ) | MOTION FOR PAYMENT OF |
| NORTH CAROLINA, et al. ) | $1,000,000 PROPOSED FOR |
| ) | DEPOSIT BY THE INTERLOCAL |
| Defendants, ) | RISK FINANCING FUND OF |
| ) | NORTH CAROLINA TO |
| and THE INTERLOCAL RISK ) | PLAINTIFFS |
| FINANCING FUND OF NORTH ) | |
| CAROLINA, ) | |
| ) | |
| Intervenor. ) | |

_____

In supplementation of Plaintiffs' Motion for Payment of $1,000,000 Proposed for Deposit by The Interlocal Risk Financing Fund of North Carolina to Plaintiffs [Doc. #234], plaintiffs state the following:

1. Following the hearing on plaintiffs' motion, plaintiffs again requested that IRFFNC articulate and explain its concerns expressed in the hearing concerning the immediate distribution of the amount of $1 million to which plaintiffs are entitled as the rightful owners as a result of the judgment of this Court.

2. In response, IRFFNC sent an email expressing their concerns again in conclusory terms, primarily arguing that there could potentially be a dispute among plaintiffs and their counsel, and requesting how plaintiffs' costs, including attorneys' fees, as well as their damages, would be apportioned. *See* Exhibit 1.

3. Plaintiffs responded proposing a stipulation that IRFFNC would receive credit on any amount distributed to plaintiffs, and that IRFFNC would not be involved in any internal dispute which could conceivably arise between plaintiffs and their counsel concerning the distribution. Plaintiffs also objected to IRFFNC's repeated references to plaintiffs' costs, including their attorney's fees, stating plaintiffs' strong contention that their costs are covered by the supplementary coverage of IRFFNC's policy; but that, in any event, IRFFNC's questions concerning the costs were improper since the apportionment and distribution of the $1 million would not involve IRFFNC in any way. Nevertheless, plaintiffs requested once again that IRFFNC's counsel provide some explanation of their position, in light of the proposed stipulation, as to how IRFFNC's interests would be affected by the distribution of the $1 million in funds. *Id.*

4. By email, IRFFNC declined to provide any explanation for its conclusory contentions of "competing interests," simply referring plaintiffs to this Court's Order, dated August 21, 2017 [Doc. #255].

5. Plaintiffs responded that counsel was well-aware of this Court's suggestions in paragraph 6, which the proposed stipulation was designed to resolve. Plaintiffs again asked for some explanation of how, in view of the proposed stipulation, plaintiffs' distribution of the funds could affect IRFFNC's interest in any manner. *Id.*

6. Having received no response, and no reasonable explanation for IRFFNC's statements, plaintiffs sent a letter, dated August 24, 2017, as a final request of IRFFNC to withdraw its objections to the distribution. IRFFNC's counsel has responded by email to the Court, apparently raising another purported issue without basis.

7. Because IRFFNC has repeatedly declined to provide a basis for their concerns or any proposed stipulation, plaintiffs have been unsuccessful in obtaining an "agreement with IRFFNC." Plaintiffs' counsel has, accordingly, taken the following actions which should resolve all issues concerning any "unresolved dispute" which would justify withholding the funds from plaintiffs:

    a. Plaintiffs have filed their proposed Stipulation [Doc. #256] which, without IRFFNC's agreement, clearly resolves any legitimate concerns which IRFFNC may have;

    b. Plaintiffs and their counsel have amended their agreement for the distribution of the funds, adding an enforceable arbitration clause which

clearly binds them and their counsel to arbitration should there ever be any disagreement as to the distribution of the amounts to which they are entitled under the present Judgment and any subsequent orders or judgments of this Court or the United States Court of Appeals for the Fourth Circuit.[1]

8. Plaintiffs again, with reference to the facts concerning their dire needs to the funds which are indisputably owned by them and are being held for their benefit, request that the Court immediately order the disbursement of the funds to the plaintiffs.

This the 24th day of August, 2017.

/s/Robert M. Elliot
Robert M. Elliot (7709)
R. Michael Elliot (42806)
Elliot Morgan Parsonage, PLLC
426 Old Salem Road
Winston-Salem, NC  27101
Telephone:  336-724-2828
Facsimile:  336-724-3335
Email:      rmelliot@emplawfirm.com
            michaelelliot@emplawfirm.com

---

[1] Additionally, plaintiffs note that in order to amend the agreement, that amendment requires the agreement of each plaintiff and plaintiffs' counsel, which should alleviate any concerns over future disputes concerning alterations to that agreement.

4

# CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

    cathrynmlittle@aol.com
    phf@cshlaw.com
    phil.vanhoy@vradlaw.com
    steve.dunn@vradlaw.com
    norwood@cmclawfirm.com

I hereby certify that on August 24, 2017, I mailed a copy of the filed foregoing document to the U.S. Attorney pursuant to 28 U.S.C. § 2042, as named below:

Sandra J. Hairston
Acting U.S. Attorney
For the USDC for the Middle District of NC
101 S. Edgeworth St., 4th Floor
Greensboro, NC 27401

        /s/Robert M. Elliot
        Robert M. Elliot (7709)
        R. Michael Elliot (42806)
        Elliot Morgan Parsonage, PLLC
        426 Old Salem Road
        Winston-Salem, NC 27101
        Telephone: 336-724-2828
        Facsimile: 336-724-3335
        Email:    rmelliot@emplawfirm.com
                     michaelelliot@emplawfirm.com