IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
KENNETH L. HUNTER, RICK A.        )
DONATHAN, and JERRY D. MEDLIN,    )
                                  )
           Plaintiffs,            )
     v.                           )
                                  )    1:12CV333
TOWN OF MOCKSVILLE, NORTH         )
CAROLINA, ROBERT W. COOK, and     )
CHRISTINE BRALLEY,                )
                                  )
           Defendants,            )
and                               )
                                  )
INTERLOCAL RISK FINANCING FUND    )
OF NORTH CAROLINA ("IRFFNC"),     )
                                  )
           Intervenor.            )
```

### MEMORANDUM ORDER GRANTING PLAINTIFFS' MOTION FOR DISBURSEMENT OF FUNDS

Plaintiffs move pursuant to Federal Rule of Civil Procedure 67(b) for this court to distribute $1,000,000 deposited in the court's registry in satisfaction of the undisputed portion of the Judgment by Intervenor Interlocal Risk Financing Fund of North Carolina ("IRFFNC"), the municipal risk pool trust for Defendant Town of Mocksville ("the Town"), in accordance with 28 U.S.C. § 2041. (Docs. 256, 259.) IRFFNC does not contest its liability to pay that sum, and neither it nor any Defendant has cross-appealed; it nevertheless opposes Plaintiffs' motion on the ground that no disbursement should be made during the pendency of Plaintiffs' appeal. (Docs. 258, 260.) Defendants take no position

as to the motion or the disbursement of funds. The motion is ready for decision, having been fully briefed and following a hearing. For the reasons set forth below, the court will order disbursement of the funds in question to Plaintiffs, but implementation will be stayed for thirty days to permit IRFFNC to seek any appellate stay, should it wish to do so.

**I.    BACKGROUND**

On March 3, 2017, the court entered Judgment on the jury's verdict in this First Amendment wrongful termination case, finding Defendants liable for Plaintiffs' December 29, 2011 termination of employment. (Doc. 212.) Among other things, the Judgment determined Plaintiffs' damages from the Town as $805,706 in compensatory damages and $211,893 in front pay to Plaintiff Hunter, $310,830 in compensatory damages and $197,523 in front pay to Plaintiff Donathan, and $288,293 in compensatory damages and $176,299 in front pay to Plaintiff Medlin; provided, however, that pursuant to N.C. Gen. Stat. §160A-485(c), the Town's aggregate liability for damages to all Plaintiffs shall not exceed IRFFNC's insurance policy limit of $1,000,000. (Id. at 4.)

On March 23, 2017, Plaintiffs filed notice of appeal. (Doc. 215.) Plaintiffs appealed several of the court's rulings against them, including but not limited to the court's rulings permitting

2

IRFFNC's intervention in the case and the limitation of the Town's insurance coverage to $1,000,000.  (Id. at 3.)  Neither IRFFNC nor any Defendant appealed or cross-appealed the Judgment.  IRFFNC does not contest that it will be liable for the $1,000,000 policy limit and some amount (yet to be determined) of post-judgment interest under 28 U.S.C. § 1961.

On May 12, 2017, IRFFNC moved pursuant to Federal Rule of Civil Procedure 67(a) for leave to deposit the $1,000,000 policy limit and an amount of post-judgment interest (which IRFFNC contends is its total liability) into the court's registry pursuant to 28 U.S.C. § 1961.  (Doc. 230.)  Plaintiffs contested IRFFNC's calculation of interest (Doc. 233 at 2-4) and moved for immediate payment of the funds to them (Doc. 234).  IRFFNC opposed direct payment to Plaintiffs, who subsequently conceded that the funds had to be deposited with the court in light of IRFFNC's opposition. (Doc. 239 at 5 n.1.)  Plaintiffs now seek immediate disbursement from the Clerk of Court pursuant to 28 U.S.C. § 2042, citing their extreme financial hardship as a result of their loss of employment from Defendants' firings (Doc. 233 at 1-2.)

The Judgment does not apportion each Plaintiff's recovery from the Town's $1,000,000 policy limit.  In an effort to address potential disputes regarding the allocation of funds, Plaintiffs

3

have entered into an agreement with each other and their counsel that establishes each Plaintiff's pro-rata share of the $1,000,000 policy limit based on their potential recovery under the court's Judgment, as well as potential attorneys' fees and costs. (Doc. 239, Ex. 1 at 2-3; see also Doc. 239, Exs. 2, 3, 4.)[1]

After holding a telephonic hearing on August 18, 2017, the court granted IRFFNC's motion to deposit into court the $1,000,000 policy limit and the uncontested portion of post-judgment interest from the Judgment date until March 14, 2017, pursuant to 28 U.S.C. § 1961, to be held in the court registry for the benefit of Plaintiffs pursuant to Rule 67(a). (Doc. 255.) The court deferred any determination of any further liability by IRFFNC for interest until the appeal is resolved. (Id. at 4.) In granting the motion, the court found that "while Plaintiffs have offered evidence of an agreement between them as to how to allocate and disburse the $1,000,000 in policy limits, IRFFNC is exposed to possible competing claims by each Plaintiff for limited insurance coverage if Plaintiffs succeed on one or more of their claims on appeal."

---

[1] Under Plaintiffs' agreement, the $1,000,000 will be distributed as follows: (1) $100,000 to each Plaintiff and credited against his ultimate allocation of the amounts recovered from all Defendants; (2) $100,000 to counsel to cover a portion of outstanding attorneys' fees and costs; and (3) the balance to be held in an interest-bearing account in the names of Plaintiffs and under the direction of Plaintiffs' counsel. (Doc. 239, Ex. 3, Attach. A.)

4

(Id. at 3.) The court directed the parties to meet and confer to determine whether they could reach agreement as to disposition of the $1,000,000.

On August 23, 2017, IRFFNC deposited $1,000,000 with the court. Seven days later, IRFFNC deposited $334.52, presumably representing IRFFNC's calculation of its post-judgment interest.

Plaintiffs unsuccessfully attempted to reach agreement with IRFFNC regarding disbursement of the deposited funds. Thereafter, Plaintiffs filed several additional stipulations in an effort to eliminate any potential that disbursement of the $1,000,000 could expose IRFFNC to liability should Plaintiffs prevail on any issue on appeal. (Doc. 256.) Specifically, as to the funds IRFFNC has deposited with the court, Plaintiffs stipulate that "if a dispute develops between plaintiffs and/or their counsel as to the apportionment of such funds, such dispute would be resolved by the plaintiffs and their counsel without any involvement of the court or the intervenor." (Id. at 1.) Plaintiffs also stipulate that

> in the event the court finds that plaintiffs and/or plaintiffs' counsel are entitled to additional funds from IRFFNC [i.e., above the $1,000,000 policy limit]:
>
> 1. While the plaintiffs and their counsel are in complete agreement on the future apportionment of any additional funds ordered by the court, if a dispute develops between plaintiffs and/or their counsel as to the apportionment of additional funds, such dispute would be resolved by plaintiffs and their

>     counsel without any involvement of the court or the
>     intervenor.

(Id. at 2.) In addition, Plaintiffs have amended their agreement to provide that any dispute between them and their counsel will be resolved by arbitration and to require the consent of each Plaintiff and Plaintiffs' counsel for any further amendment to the agreement. (Doc. 257 at 3-4 & n.1.)

Despite Plaintiffs' efforts to address any concern regarding potential competing claims over the deposited funds, IRFFNC argues that it would be "premature" for the court to grant Plaintiffs' request to disburse the funds and urges that the funds remain in the court's registry pending the outcome of Plaintiffs' appeal. (Doc. 258 at 9.) IRFFNC notes that Plaintiffs have filed a notice of appeal challenging, among other issues, the awards issued to individual Plaintiffs as well as the court's prior ruling granting IRFFNC's motion to intervene in the case. (Id. at 3-4.) While IRFFNC does not dispute that the court retained jurisdiction to deposit the funds with the court following Plaintiff's notice of appeal, IRFFNC argues that the court must ensure that Plaintiffs have reached a "final (i.e., post-appeal) collective agreement" prior to any disbursement. (Id. at 7.) In particular, IRFFNC contends that a distribution of funds would be improper because "the appeal could result in a different pro-rata share distribution

6

of the $1,000,000 among the Plaintiff's respective claims" (Doc. 258 at 9), and the determination of whether attorneys' fees are recoverable under the policy remains unresolved, (id. at 4-5). Similarly, IRFFNC argues that "[i]f Plaintiffs are successful in arguing on appeal that IRFFNC's intervention was improper, then IRFFNC's $1,000,000 should not be retained by the Court, nor distributed to Plaintiffs." (Id. at 4.)

Plaintiffs argue that the disbursement of funds is proper since "[a]ll parties agree that plaintiffs are entitled to the $1 million, and all parties agree that the $1 million will come from IRFFNC, irrespective of the appeals." (Doc. 259 at 2.) Plaintiffs allege that IRFFNC "has no standing to challenge the distribution, and any dispute must be among the rightful owners of the funds, of which there is none." (Id. at 5-6.)[2]

---

[2] After Plaintiffs filed their reply on September 1, 2017, IRFFNC filed a "Supplemental Response," disputing the claims made in the Plaintiffs' reply that it "refused" to articulate objections to disbursement and alleging claims to the deposited funds that were not raised in its prior briefs. (Doc. 260.) Plaintiffs argue that IRFFNC was not entitled to file a response to its reply. (Doc. 261 at 1-2.) Local Rule 7.3 allows only for the filing of a motion, a response, and a reply. Starnes v. Veeder-Root, No. 1:15CV1002, 2017 WL 913633, at *1 n.1 (M.D.N.C. Mar. 7, 2017) (citing L.R. 7.3), aff'd, No. 17-1411, 2017 WL 3327822 (4th Cir. Aug. 4, 2017). A party has no right to file a surreply unless an evidentiary objection is raised in the previous reply. Id. (citing L.R. 7.6). "Otherwise, courts generally 'allow a party to file a surreply only when fairness dictates based on new arguments raised in the previous reply.'" Id. (quoting DiPaulo v. Potter, 733 F. Supp. 2d 666, 670 (M.D.N.C. 2010)). Here, IRFFNC has demonstrated no reason to justify the additional filing, and the arguments in it are considered waived.

7

**II. ANALYSIS**

"The general rule is that the filing of a timely and sufficient notice of appeal immediately transfers jurisdiction of all matters relating to the appeal from the district court to the court of appeals." Grand Jury Proceedings Under Seal v. United States, 947 F.2d 1188, 1190 (4th Cir. 1991). "This rule fosters judicial economy and guards against the confusion and inefficiency that would result if two courts simultaneously were considering the same issues." Doe v. Pub. Citizen, 749 F.3d 246, 258 (4th Cir. 2014). The district court may still act to "preserve the status quo until decision by the appellate court . . . [b]ut it may not finally adjudicate substantial rights directly involved in the appeal." Newton v. Consol. Gas Co. of New York, 258 U.S. 165, 177 (1922). "Although a district court may not alter or enlarge the scope of its judgment pending appeal, it does retain jurisdiction to enforce the judgment." Springs v. Ally Fin. Inc., 657 F. App'x 148, 151 (4th Cir. 2016) (per curiam) (quoting City of Cookeville v. Upper Cumberland Elec. Membership Corp., 484 F.3d 380, 394 (6th Cir. 2007)).[3]

Neither party disputes that the court acted within its

---

[3] The Fourth Circuit ordinarily does not accord precedential value to its unpublished decisions, which "are entitled only to the weight they generate by the persuasiveness of their reasoning." Collins v. Pond Creek Mining Co., 468 F.3d 213, 219 (4th Cir. 2006) (citation omitted).

authority to accept the deposit of IRFFNC's funds pursuant Rule 67 pending the appeal. See, e.g., Garrick v. Weaver, 888 F.2d 687, 695 (10th Cir. 1989); Putz v. Golden, No. C10-0741JLR, 2012 WL 5293354, at *2 (W.D. Wash. Oct. 26, 2012). Nevertheless, IRFFNC cites Garrick for the proposition that the court lacks jurisdiction to disburse funds during the pendency of an appeal. (Doc. 258 at 2.) In Garrick, Tenth Circuit affirmed that a magistrate judge did not err in holding that he lacked jurisdiction to distribute funds from the court registry following the filing of a notice of appeal, even where no party had obtained a stay in execution of the judgment. Garrick, 888 F.2d at 695. While recognizing that "[t]he magistrate's residual power retained in aid of the appeal extends to preserving the status quo by permitting the settlement funds (about which there is no controversy) to be deposited into the registry," the Tenth Circuit held that "the magistrate's power in aid of the appeal does not extend to approving disbursement of the funds in accordance with the very order being appealed." Id. at 695.

As Plaintiffs note, (Doc. 259 at 5), Garrick is distinguishable. The very apportionment of the funds deposited with the court in that case was in dispute on appeal. Garrick, 888 F.2d at 695 (affirming the magistrate's determination that it

lacked jurisdiction to distribute settlement funds deposited with the court where "[t]he disposition of the settlement funds is the heart of the controversy before this court"). There is no such dispute in this case. Plaintiffs have reached agreement on the apportionment of the $1,000,000 (Doc. 256 at 1-2), and there is no scenario where IRFFNC's interest would be affected by the appeal. Neither IRFFNC nor any Defendant has appealed the Judgment or moved to stay its execution under Federal Rule of Civil Procedure 62.[4] IRFFNC also does not contest that it will be liable for <u>at least</u> $1,000,000 regardless of the outcome of the appeal. <u>See</u> (Doc. 259 at 2.) Thus, IRFFNC fails to demonstrate how the distribution of the funds in question would affect "substantial rights directly involved in the appeal" or fail to "preserve the status quo until decision by the appellate court." <u>Newton v. Consol. Gas Co. of New York</u>, 258 U.S. 165, 177–78 (1922).

IRFFNC contends that a subsequent determination regarding the recovery of attorneys' fees under the policy could affect Plaintiffs' entitlement to the funds at issue. This is irrelevant

---

[4] In support of its argument, IRFFNC seeks to rely on dicta from a district court opinion in <u>Thunder Mountain Custom Cycles, Inc. v. Thiessen Prod., Inc.</u> CIVA06CV02527PABBNB, 2008 WL 5412469, at *8 (D. Colo. Dec. 24, 2008) ("Even if I were permitted to disburse the funds, I would not in this case, for <u>in keeping with the policy behind stays in execution</u> I conclude that the status quo is best maintained by halting any movement of funds until the appeal is concluded." (emphasis added)); (Doc. 258 at 2-3.)

for present purposes. Regardless of whether IRFFNC is liable for additional attorneys' fees above and beyond the $1,000,000 policy limit, IRFFNC's liability for the $1,000,000 remains unaffected. Any claim Plaintiffs' counsel may have as to attorneys' fees will be a matter of contract between them and Plaintiffs – a matter they represent they have also agreed upon among themselves. In either case, IRFFNC's liability for the $1,000,000 policy limit remains unaffected.[5] In short, in light of Plaintiffs' stipulations, IRFFNC has failed to demonstrate any scenario under which it would bear any exposure should the court disburse the $1,000,000 in coverage it concedes it owes and as to which no claim on appeal could possibly relate.

IRFFNC relies on the fact that Plaintiffs are appealing the court's Judgment, including its determination permitting IRFFNC to intervene in the case, which was the procedural basis that permitted IRFFNC, as a party, to deposit the policy limits into the court registry. Fed. R. Civ. P. 67 (permitting "a party" to deposit funds with the court). That may have been true in April 2017, when Plaintiffs filed their notice of appeal. However,

---

[5] The underlying policy allows for "supplementary payments," providing that IRFFNC "will pay with respect to any 'claim' or 'suit' [it] defend[s]: . . . . [a]ll costs taxed against the insured in the 'suit'." (Doc. 186-1 at 30.) The policy further states that such supplementary payments "will not reduce the Limits of Insurance." (Id.)

11

Plaintiffs' opening brief in the court of appeals filed September 11, 2017, abandons that claim by omission. Karimi v. Holder, 715 F.3d 561, 565 n.2 (4th Cir. 2013) (citing Edwards v. City of Goldsboro, 178 F.3d 231, 241 n.6 (4th Cir. 1999)). Even if that issue had been preserved, IRFFNC no longer has any legitimate claim to the deposited funds in question. Consistent with the underlying purpose of Rule 67, "the funds in the possession of this court's clerk operate as 'a trust under which the Court is bound to deliver the funds to the party rightfully entitled thereto and after hearing and adjudication . . . .'" Carnell Const. Corp. v. Danville Redevelopment & Hous. Auth., No. 4:10-CV-00007, 2015 WL 3604572, at *3 (W.D. Va. June 8, 2015) (quoting In re Casco Chemical Co., 335 F.2d 645, 649 (5th Cir. 1964)). IRFFNC voluntarily moved to "[d]eposit into Court the $1,000,000 limit to be held for the benefit of Plaintiffs." (Doc. 230 at 2 (emphasis added).) IRFFNC raised no claim to the deposited funds during the telephonic hearing or in its initial briefs.[6]

---

[6] Even if this court were to consider IRFFNC's surreply, IRFFNC's belated claim to $5,000 of the deposited funds as its deductible is without merit. (Doc. 260 at 3-4.) IRFFNC's deposit under the representation that the funds belonged to Plaintiffs is consistent with IRFFNC's insurance policy, which expressly provides that "IRFFNC has the right to advance payment of a deductible or retention in order to expeditiously settle an outstanding claim . . . [and] the Insured remains obligated to reimburse IRFFNC for the deductible or retention amount." (Doc. 186-1 at 13.) IRFFNC may seek to recover the $5,000 deductible from the Town, but IRFFNC cannot seek its return from the court when it

12

Consequently, the court finds that IRFFNC has forfeited any interest in the $1,000,000 deposited with the court, and that distribution of that sum to Plaintiffs is not the basis of, nor would it affect IRFFNC's substantial rights as to, Plaintiffs' appeal. See Veillon v. Expl. Servs., Inc., 876 F.2d 1197, 1201 (5th Cir. 1989) (finding that the defendant relinquished its interest in funds deposited with the court where the defendant conditioned the deposit on its dismissal from the lawsuit and the defendant's counsel stated the party had no further interest in the funds); Ergo Sci., Inc. v. Martin, 73 F.3d 595, 599 (5th Cir. 1996) (holding that claimant to funds deposited with the court in interpleader proceeding was judicially estopped from claiming entitlement to funds as a result of counsel's statement disavowing any interest in the deposited funds).

Therefore, with due consideration of the limitations of this court's jurisdiction once an appeal is filed, the court concludes that it retains jurisdiction for the limited purpose of disbursing the $1,000,000 policy limit deposited with the court because the funds are not the subject of any claim on appeal in light of the unique circumstances present in this case. The distribution would

---

represented that the deposited funds belonged to Plaintiffs. In similar fashion, IRFFNC's argument that funds should not be distributed in light of a potential award of costs to it following the appeal (Doc. 260 at 4) is similarly without merit.

13

not implicate the concerns for "judicial economy" underlying the divestiture of jurisdiction pending an appeal. See Doe, 749 F.3d at 258. Rather, this action falls within the court's authority to enforce its Judgment, which remains binding pending appeal. See Wyatt v. Syrian Arab Republic, 800 F.3d 331, 341 (7th Cir. 2015) (affirming the district court's distribution of funds held in the court's registry pending a non-party appeal, holding the court's action "was in aid of execution of a judgment, not a new judgment that exceeded its jurisdiction"), overruled on other grounds by Rubin v. Islamic Republic of Iran, 830 F.3d 470 (7th Cir. 2016).

Having found that the court has jurisdiction to disburse the funds under Rule 67, the court must determine whether a distribution is proper under the circumstances. "[O]nce funds are deposited, it is the district court which 'should determine ownership and make disbursement.'" Klayman v. Judicial Watch, Inc., 650 F. App'x 741, 743 (11th Cir. 2016) (quoting Gulf States Utils. Co. v. Ala. Power Co., 824 F.2d 1465, 1474 (5th Cir. 1987)). A distribution is particularly appropriate where ownership of the funds is no longer in dispute. See, e.g., Manufacturers Hanover Overseas Capital Corp. v. Southwire Co., 589 F. Supp. 214, 221 (S.D.N.Y. 1984) (approving disbursement of funds pursuant to Rule 67 over the defendant's objection, after finding "no dispute exists

here since [the defendant] does not contest its liability to [the plaintiff] in regard to the sum it deposited with the court").

Here, the court has found that IRFFNC has forfeited any interest in the funds and that Plaintiffs are their rightful owners. Moreover, Plaintiffs' stipulation and the modifications to their agreement with their counsel have addressed the court's prior concerns regarding any apportionment question that could conceivably arise. Thus, disbursement to Plaintiffs would be appropriate. See Gillison v. State Farm Fire & Cas. Co., No. 12-15620, 2015 WL 3868690, at *3 (E.D. Mich. June 23, 2015) (approving disbursement in accordance with a contingency fee agreement entered into between plaintiffs and their attorney, noting that the contingency fee agreement was not unreasonable and the attorney adequately performed pursuant to the agreement).

Disbursement of the deposited funds lies within the discretion of the court. Klayman, 650 F. App'x at 743-44. Even assuming that IRFFNC could prevail on its contentions of entitlement to a small portion of the funds (relating to its deductible and the cost of defending the present appeal), see supra notes 2 and 6, it has not articulated any reason why the remainder of the funds should be withheld. Consequently, the court in its discretion will withhold $100,000, which would be adequate to

protect IRFFNC, and direct that the balance be disbursed to Plaintiffs.

In summary, the court finds that Plaintiffs' appeal did not deprive it of jurisdiction to disburse the funds deposited with the court and that disbursement is appropriate in this case. However, to the extent this determination could be subject to reasonable debate and should IRFFNC continue to dispute the court's ability to order disbursement at this time, the court will stay this Order for thirty (30) days to permit IRFFNC to seek relief from the court of appeals.

## III. CONCLUSION

For the reasons stated, therefore,

IT IS ORDERED that Plaintiffs' motion to withdraw funds pursuant to Rule 67(b) (Doc. 257) is GRANTED IN PART and that on October 23, 2017, the Clerk of Court shall, subject to any applicable offsets under Local Rule 67.1, disburse $900,000 to Plaintiffs' counsel, in trust for Plaintiffs, as partial satisfaction of the Judgment in accordance with the stipulations and agreements presented to the court, and the remainder of the funds shall remain deposited with the court pending appeal and further Order of this court. The court directs that the Clerk of

16

Court place all deposited funds in an interest bearing account as soon as possible. Fed. R. Civ. P. 67(b); L.R. 67.1(b).

In light of this ruling as well as this court's prior ruling (Doc. 255), Plaintiffs' prior motion for the direct payment of these funds (Doc. 234) is DENIED.

September 21, 2017

                                    /s/  Thomas D. Schroeder
                                 United States District Judge